On the Merits.
The defendant, having abandoned her reconventional demand, must be confined to the amount of the verdict and judgment of the District Oourt. She having formally entered an abandonment of all damages can not claim more than the amount allowed by the jury.
The plaintiff urges that the defendant having confined his pleadings to allegations of damages, and not having pleaded that the propertysoughtto.be expropriated was of greater value than the amount tendered, the jury was without power in law to give a verdict for a larger amount than that tendered, viz.: fifty dollars.
*1300 Under the statute the jury “shall, by a verdict in which at least three-fourths of their number shall concur, determine, after hearing the parties and the evidence, what is the value of the land.” Sec. 1481, R. S.
The law’s provision is that they shall fix the value of the land sought to be expropriated. Moreover, all of defendant’s witnesses were heard under the plea of general denial regarding the value of the property, without any objection on the ground urged. There was a joinder of issue regarding the value of the land in question, but even if there had not been, on a confirmation of default, without claim on part of the defendant for its value, the jury would have to determine the value of the land. It is a prerequisite to a decree of expropriation.
This brings us to the question of the value of the property.
The learned judge was inclined to view the estimate of the jury as exaggerated. But he added in his reasons for overruling the motion for a new trial that the jury was exceptionally intelligent and a careful body of men; that they visited the premises at the request of both the plaintiff and the defendant.
He approved the verdict by the judgment.
The plaintiff invokes the fact that the property owned by the defendant was bought for much less than the appraisement of the value fixed by the witnesses for the defendant.
The last deed of purchase dates from several years prior to the suit for expropriation.
Several of the witnesses testified that the property has of late ap - predated in value.
The plaintiff claims that by locating its track and by improving and draining its road, it reclaimed defendant’s property and removed from it the dampness and seepage.
We infer that this betterment was not considered as a basis for a claim against the defendant, prior to the suit for expropriation.
The witnesses greatly differ in their estimates of the value of the' property — i. e., the two lots and improvements.
It varies from twenty-eight hundred to less than five thousand dollars.
The witnesses for the plaintiff estimate it at much less. They fix the value of the lot, unimproved, at about four hundred dollars, and upon that basis of valuation the triangular lot expropriated would *1301 be of very little value, as it is quite small as compared with the lot from which it was taken.
If the preponderance of the testimony regarding the value of this lot were with the plaintiff, the calculation of plaintiff’s witnesses would not be an exclusive method of establishing value.
In estimating the value of a fractional part of a tract of land, the locality of the fractional part, the inconvenience it occasions to separate it from the main tract and the value it may have, without reference to the whole, may be considered.
“ Where there is evidence to sustain the verdict and the testimony is conflicting, the court will not interfere; and especially is this the case where the jury have viewed the premises.” Lewis on Eminent Domain, p. 824.
In addition to the testimony of witnesses — experts—as to value of the land; a lease made by the defendant to the plaintiff of the land sought to be expropriated, has some bearing upon the question.
The plaintiff, during three years, paid to the defendant fifty dollars per annum rent for the property.
It is explained that it was deemed preferable, as it was important to proceed without delay in laying the track, to enter into a lease with the defendant in 1891 than to incur the delay and expense of expropriating the property.
This explanation has great force; indeed, it is conclusive as to the first year of the lease.
But the plaintiff, in the contract of lease, reserved the right to cancel the lease at any time, and yet continued without attempting to exercise that right, to pay rental in an amount which proved that the property had considerable value.
The jury examined the property, after having heard the witnesses.
In expropriation proceedings juries have, in some respect, the character and authority of experts. Their verdict will not be annulled on appeal, unless manifestly erroneous. New Orleans, Fort Jackson & Grand Isle Railroad Company vs. Eugene Rabasse, 44 An. 178, 183.
Under the law and the evidence, the verdict and judgment appealed from seems to have done substantial justice.
Judgment for defendant, and affirming the judgment of the District Court, at appellants’ costs.